IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark A. Applegarth, | : | |
| Plaintiff | : | Civil Action 2:06-cv-686 |
| v. | : | Judge Watson |
| CPL. Roger Monroe, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

## Report and Recommendation

Plaintiff Mark A. Applegarth, a state prisoner, brings this action under 42 U.S.C. §1983 against Defendants claiming that they violated his Fourth Amendment rights. This matter is before the Magistrate Judge on Plaintiff's February 15, 2007 motion for partial summary judgment (doc. 18).

### I. Facts

Plaintiff claims that on December 10, 2004, he was unlawfully arrested by Defendant Monroe for misuse of the 9-1-1 emergency telephone system.  (Am. Compl. ¶¶6, 18).  The complaint contends that police officers were called to Plaintiff's apartment by his to allegedly assist him in illegally evicting Plaintiff.  (Am. Compl. ¶7). Plaintiff states that he became concerned when he overheard police officers discussing charging him with obstruction of justice, and states that he called 9-1-1 at this point to document his concerns with the Sheriff's Office rather than the Mount Vernon's police department and also to tell the operator "that there was no need to beat or shoot" him.

(Am. Compl. ¶¶11-12).  According to the Mount Vernon Municipal Court Docket, the criminal charge for misuse of the 9-1-1 emergency telephone system against Plaintiff was dismissed on November 29, 2005 as Plaintiff was incarcerated for 4 years on a felony conviction and, consequently, was unavailable for trial.

## II.  Argument of the Parties

### A.  Plaintiff's Argument

Plaintiff argues that he should be granted partial summary judgment as to his malicious prosecution and falsifying statements claims against Defendant Roger Monroe.  To begin, Plaintiff makes a list of "undisputed" facts.  Applegarth states that when Cpl. Monroe knocked on his door to assist his landlord in evicting him, he did not answer because he was not required by law to do so.  Monroe repeatedly knocked and twice tried to talk with Apple garth on the telephone.  Applegarth then called 9-1-1 and let Monroe come into his apartment.  Next, in affidavit form, Plaintiff claims that Monroe did not have probable cause to arrest him for misuse of the 911 emergency system because, as Monroe admits in response to Plaintiff's interrogatory, he did not view or hear Plaintiff using the 911 system and he did not hear him admit to using the 911 system.  Plaintiff also asserts that Monroe could not consider Plaintiff's silence in response to his questions as probable cause for arrest because the Fifth amendment protects the right to be silent.  Finally, Plaintiff states that in his sworn statement to the Mount Vernon Municipal Court, Monroe maliciously and falsely stated that Plaintiff had "knowingly" misused the 911 system, and that this statement resulted in his unjust

2

prosecution for nearly a year.

### B.  Defendants' Response

First, Defendant Monroe states that, despite Plaintiff's assertion to the contrary, he does dispute several of the facts listed in Plaintiff's brief.  Next, Monroe contends that in order to succeed on a cause of malicious prosecution in Ohio, a claimant must show that proceedings were maliciously instituted against him, that there was a lack of probable cause for these proceedings, and that the proceedings were terminated in the claimant's favor.  Monroe states that Plaintiff has failed to prove that there is not a genuine issue of material fact as to any of these elements.   Further, Monroe argues that Plaintiff should not be granted summary judgment on this claim because he has offered sufficient evidence to present a genuine issue of material fact as to the absence of each of these elements.

Monroe claims there is no evidence presented by Plaintiff that he "maliciously" instituted the proceedings against him without probable cause.  Monroe states that probable cause for Plaintiff's arrest was based on "statements made by the 9-1-1 dispatcher who had received Plaintiff's non-emergency 9-1-1 call, my experience with Plaintiff and Plaintiff's actions when given an opportunity to explain what his emergency was and why he had called the 9-1-1 emergency system."  Pl.'s Exhibit 2. On December 8, 2004, Applegarth had twice called 9-1-1 and hung up.  Dispatched to investigate, Monroe warned Apple garth that if he used 9-1-1 again, it had better be for an emergency.  On December 10, after unsuccessful attempts to get Applegarth to come

to the door, Monroe received a call from a 9-1-1 dispatcher.  The dispatcher said that

Applegarth wanted to let Monroe and the landlord into the apartment.  Pl.'s Exhibit 2.

Monroe also contests Plaintiff's characterization of the dismissal of the misuse of

the 911 emergency system charge against him as being "terminated in his favor," and

states that the charge was only dismissed because Plaintiff was going to be incarcerated

for four years on another charge and was therefore not available for trial.

### III.  Summary Judgment

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil

Procedure which provides:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that
> the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of some alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no genuine issue of material fact."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original);

*Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

Summary judgment will not lie if the dispute about a material fact is genuine;

"that is, if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party."  *Anderson*, 477 U.S. at 247-248.  The purpose of the procedure is not

to resolve factual issues, but to determine if there are genuine issues of fact to be tried.

*Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). Therefore, summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." *Poller v. Columbia Broadcasting Systems, Inc.*, 368 U.S. 464, 467 (1962); accord, *County of Oakland v. City of Berkeley*, 742 F.2d 289, 297 (6th Cir. 1984).

In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Watkins v. Northwestern Ohio Tractor Pullers Association, Inc.*, 630 F.2d 1155, 1158 (6th Cir. 1980).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury

could reasonably find for the opposing party.  *Anderson*, 477 U.S. at 251 (quoting

*Improvement Co. v. Munson,* 14 Wall. 442, 448 (1872)).  As is provided in Fed. R. Civ.

P. 56(e):

> When a motion for summary judgment is made and
> supported as provided in this rule, an adverse party may
> not rest upon the mere allegations or denials of his pleading,
> but his response, by affidavits or as otherwise provided in
> this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If he does not so respond, summary
> judgment, if appropriate, shall be entered against him.

Thus, "a party cannot rest on the allegations contained in his . . . [pleadings] in

opposition to a properly supported motion for summary judgment against him." *First*

*National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 259 (1968)(footnote

omitted).

Here, Plaintiff fails to present any evidence to show that he is entitled to

judgment as a matter of law on his claim of malicious prosecution and falsifying

testimony against Plaintiff.  In sworn testimony, Monroe lists his basis for probable

cause.  Pl.'s Exhibit 2-3.  Plaintiff has failed to demonstrate that the uncontroverted facts

establish each element of his malicious prosecution and falsifying testimony claims.

Pl.'s Exhibits 1-3, 5.

## V.  Conclusion

Accordingly, the Magistrate Judge RECOMMENDS that Plaintiff's February 15,

2007 motion for partial summary judgment (doc. 18) be DENIED.

If any party objects to this Report and Recommendation, that party may,

within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).


                                        s/Mark R. Abel
                                        United States Magistrate Judge