IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark A. Applegarth, | : | |
| Plaintiff | : | Case No. 2:06-cv-00686 |
| v. | : | Judge Watson |
| Cpl. Roger Monroe, et al., | : | Magistrate Judge Abel |
| Defendants | : | |

REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on Defendants' motion for summary judgment (doc. 26), Plaintiff's motion in opposition to Defendants' motion for summary judgment (doc. 27), and Defendants' reply to Plaintiff's motion in opposition (doc. 28). For the reasons below, I RECOMMEND that Defendants' motion for summary judgment be GRANTED.

Background

On July 12, 2006, Plaintiff Mark A. Applegarth, a state prisoner, filed suit against Defendants Cpl. Roger Monroe and Ptl. Robert Morgan in their individual capacities in Knox County Court of Common Pleas, Ohio. (Doc. 3.) Defendants removed the case to this Court on August 10, 2006. (Doc. 2.) On November 28, 2006, Plaintiff filed an amended complaint, which pleads causes of action under both federal and state law. (Doc. 14., p. 2.) The amended complaint prays for damages pursuant to 42 U.S.C. § 1983

1

and Ohio's tort law. (*Id*.) It alleges "unlawful arrest, false imprisonment, malicious prosecution . . . falsifying statements to obtain a warrant . . . . assault and battery." (*Id*.) Although Plaintiff's amended complaint alleges false imprisonment, the motion to amend his complaint was granted in all respects except to the extent that it seeks to add a state law claim for "false imprisonment. " (Doc. 12.) The Court has also previously noted that Plaintiff's falsifying statements claim is best viewed as part of Plaintiff's malicious prosecution claim. (Doc. 12, p. 4.)

On December 10, 2004, Defendants Cpl. Monroe and Ptl. Morgan, arrived at Plaintiff's residence in regards to a landlord-tenant matter. (Doc. 14, p. 2; Doc. 26, Ex. E, p. 1, ¶ 5.)  Defendants attempted to speak with Applegarth but he did not respond to the knocking on his door or the officers' telephone calls because he did not want to be disturbed. (Doc. 14, p. 2, ¶¶ 8, 33; Doc. 26, Depo., pp. 67-68.) As the officers were leaving Plaintiff dialed 9-1-1 and informed the dispatcher that he would let the officers in. (Doc. 14, p. 3, ¶ 13; Doc. 26, Ex. A, p. 34.)  Plaintiff's amended complaint alleges that he informed the dispatcher that he would let the officers in but they should not beat or shoot him. (Doc. 14, p. 3, ¶ 13.) After gaining entry to Plaintiff's residence, Cpl. Monroe asked Plaintiff what was the emergency given that he dialed 9-1-1. (Doc. 14, p. 3, ¶ 16; Doc. 26, Ex. A, pp. 34, 36, Ex. E, pp. 1-2) Plaintiff did not respond to Cpl. Monroe, who then placed him under arrest for misuse of the emergency 9-1-1 system. (Doc. 14, p. 3, ¶ 18; Doc. 26, Ex. E, p. 2, ¶ 15.) Plaintiff's amended complaint pleads that the emergency was the officers and the harm they could have done to him. (Doc. 14, p. 3, ¶¶ 17, 34.)

2

The charge against Plaintiff was filed in Mount Vernon Municpal Court, (doc. 26, Ex. A, p. 4), but was later dismissed on November 29, 2005, *nolle prosequi* by the City of Mount Vernon because Plaintiff was incarcerated for four years on an unrelated felony and was not available for trial. (Doc. 26, Ex. A, pp. 3, 26.)

Plaintiff's December 10, 2004 arrest was not the first incident involving the 9-1-1 system. On August 30, 2004, Plaintiff called 9-1-1 and hanged up. (Doc. 26, Ex. A, p. 27.) Again on December 8, 2004, Plaintiff called 9-1-1 on more than one occasion and hanged up, after which he was advised by Defendant Cpl. Monroe that the next time he abuses 9-1-1 he will be charged. (Doc. 26, Ex. A, pp. 34-35.) Defendant Monroe testified that when he placed Plaintiff under arrest he considered, among other things, the fact that he had warned Applegarth of 9-1-1 hang up calls two days earlier. (Doc. 26, Ex. E, p. 2.) Applegarth admits that Monroe warned him on December 8, 2004. (Doc. 26, Depo., p. 26.)

## Summary Judgment Standard

Summary judgment is governed by Rule 56(c) of the Federal Rules of Civil Procedure which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

"[T]his standard provides that the mere existence of *some* alleged factual dispute

between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original); *See also Kendall v. The Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 247-248. The purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. *See Lashlee v. Sumner*, 570 F.2d 107, 111 (6th Cir. 1978). In a motion for summary judgment the moving party bears the "burden of showing the absence of a genuine issue as to any material fact, and for these purposes, the [evidence submitted] must be viewed in the light most favorable to the opposing party." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) (footnote omitted). Inferences to be drawn from the underlying facts contained in such materials must be considered in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Bell v. United States*, 355 F.3d 387, 392 (6th Cir. 2004).

If the moving party meets its burden and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a scintilla of evidence in support of the

4

opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251 (quoting *Improvement Co. v. Munson*, 14 Wall. 442, 448 (1872)). As is provided in Fed. R. Civ. P. 56(e):

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

### Discussion:

The scope of Plaintiff's claims must be considered as a preliminary matter. Although Plaintiff's amended complaint is inartfully pleaded–conflating state law and federal claims, (*see* doc. 14), the complaint is viewed liberally in light of Plaintiff's *pro se* status. See *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Plaintiff's amended complaint is construed liberally to include the federal claims of wrongful or false arrest and malicious prosecution, and state law claims of false arrest, malicious prosecution, assault, and battery. The amended complaint is not construed to include an excessive use of force claim because Plaintiff has indicated an intent to the contrary. (Doc. 26, Depo., pp. 80, 90, 93.)

Another preliminary matter to consider is the treatment of Defendant Ptl.

5

Morgan. The amended complaint insinuates that there is an excessive use of force claim against Morgan, (doc. 14, p. 4, ¶¶ 23-25), but Applegarth later clarified at his deposition that he has no grievance arising from the acts in which Morgan engaged. (Doc. 26, Depo., pp. 88-93.)  That is, Plaintiff admits that Morgan did not use excessive force in transporting him in the police cruiser and removing him upon arrival at the station. (*Id.*) Plaintiff's other grievances are asserted against both Monroe and Morgan, but in fleshing out the details of the alleged wrongdoings Plaintiff only refers to Monroe. (See Doc. 14, pp. 2-4.) In addition to this, the arguments below in favor of Monroe apply equally in favor of Morgan on conceivable claims against him. Therefore, it is RECOMMENDED that summary judgement be GRANTED in favor of Morgan on all claims against him.

### Federal and Fourth Amendment Claims

Plaintiff's claims under federal law include wrongful arrest and malicious prosecution. Since Defendant Monroe had probable cause at the time of Plaintiff's arrest, it is recommended that Defendants' motion for summary judgment be GRANTED on Plaintiff's unlawful arrest and malicious prosecution claims.

The Fourth Amendment guarantees the right of individuals to be free from unreasonable seizures, including arrest and detention. *See* U.S. Const. amend. IV. A law enforcement officer's warrantless arrest is reasonable under the Fourth Amendment "where there is probable cause to believe that a criminal offense has been or is being committed." *Davenpeck v. Alford*, 543 U.S. 146, 152 (2004). Probable cause exists if the

6

"facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). An officer initially formulating probable cause does not have to "investigate independently every claim of innocence," *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000), and after he makes the determination that probable cause exists he does not have a further duty to investigate. *Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999).

42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . ." In order for a plaintiff's wrongful arrest claim to be successful under 42 U.S.C. § 1983, the plaintiff must prove that the officer lacked probable cause. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002) (citing *Painter v. Robertson*, 185 F.3d 557, 569 (6th Cir. 1999)). "In general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995).

No reasonable jury could conclude that Defendant Cpl. Monroe lacked probable cause for the arrest of Plaintiff. In addition, Plaintiff does not provide the Court with evidence on whether Cpl. Monroe had probable cause to arrest him while Monroe

offers undisputed evidence to the contrary. Defendant Monroe testified that he was outside of Plaintiff's apartment when Plaintiff placed a 9-1-1 call, he did not sense any emergency and the dispatcher did not inform him of any, he asked Plaintiff what was the emergency (to which he received no response), and Plaintiff had a history of calling 9-1-1 and hanging up. (Doc. 26, Aff. Monroe, Ex. E, ¶18.) Further, Cpl. Monroe had warned Plaintiff only two days prior about calling 9-1-1 and hanging up. Plaintiff does not dispute being previously warned and his history of 9-1-1 hang ups: in fact he admits. (Doc. 26, Depo., p. 26.) Plaintiff argues that the 9-1-1 dispatch report was neutral as to whether there was an emergency and that Monroe should have conducted a further investigation. (Doc. 27, pp. 8-9.) The argument that the 9-1-1 dispatch report was neutral does not mean that there was an emergency, or that there was no emergency. The neutrality of the dispatch report is a factor to consider under the circumstances. In addition, it is undisputed that Cpl. Monroe offered Plaintiff the opportunity to explain what was the emergency. Furthermore, Cpl. Monroe was not required to conduct an investigation beyond that point. *See Gardenhire*, 205 F.3d at 318; *Ahlers*, 188 F.3d 365. In sum, the facts and circumstances in this case demonstrate that Cpl. Monroe had probable cause to arrest Plaintiff and no reasonable jury could make a conclusion to the contrary.

The Sixth Circuit has recognized § 1983 claims for malicious prosecution arising under the Fourth Amendment, "but the contours of such a claim remain uncertain." *Fox v. De Soto*, 489 F.3d 227, 237 (2007) (internal citations omitted). What is certain,

8

however, is that, at minimum, the claimant must show "that there was no probable cause to justify [his] arrest and prosecution." *Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003); *see also Fox*, 489 F.3d at 237-38. As explained earlier, Defendant Monroe had probable cause, as a matter of law, to arrest Plaintiff. Therefore, Plaintiff does not have a valid malicious prosecution claim on which to proceed.

A related concern involves Plaintiff's claim that O.R.C. § 2935.03(A)(1) requires an officer to view the commission of a misdemeanor before executing a warrantless arrest. (Doc. 27, p. 3.) Although Plaintiff's wrongful arrest claim is premised on 42 U.S.C. § 1983, he offers no explanation how a violation under § 2935.03(A)(1) in the current context rises to a violation covered by 42 U.S.C. § 1983. Further, Ohio courts, including the Fifth District Appellate Court covering Knox County, have indicated a reluctance to interpret an arrestee's rights pursuant to O.R.C. § 2935.03(A)(1) as being equivalent to rights under the Fourth amendment. *See Boyd v. Village of Lexington*, 2002 Ohio App. LEXIS 1357, *15-*18 (Ohio App. 5th Dist. 2002) (not published).

Accordingly, it is recommended that Defendants' motion for summary judgment on Plaintiff's federal unlawful arrest and malicious prosecution claims be GRANTED.

### State Law Claims

The Court has already disposed of Plaintiff's state law false imprisonment claim. (Doc. 12.) Therefore, Plaintiff's remaining State law claims include malicious prosecution, false arrest, assault, and battery. For the reasons below, it is recommended that Defendants' motion for summary judgment be GRANTED on Plaintiff's remaining

9

state law claims.

Plaintiff's malicious prosecution claim is invalid because of a lack of probable cause. Under Ohio law, "[t]he tort of malicious prosecution in a criminal setting requires proof of three essential elements: '(1) malice in instituting or continuing the prosecution, (2) *lack of probable cause*, and (3) termination of the prosecution in favor of the accused.'" *Froehlich v. Ohio Dep't of Mental Health*, 114 Ohio St. 3d 286, 288 (2007) (citing *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 146 (1990) (emphasis added). The relevant undisputed facts show that Defendant Cpt. Monroe had probable cause to arrest Plaintiff. See, *supra*, pages 6-8. Therefore, it is recommended that Defendants' motion for summary judgment on Plaintiff's malicious prosecution claim be GRANTED.

Plaintiff's state law false arrest, assault, and battery claims are barred by the applicable statutes of limitations. The statute of limitations for a false arrest claim is governed by O.R.C. § 2305.11 (A), which has a one year statute of limitation after a cause of action has accrued. *See generally Petty v. Kroger Food and Pharmacy*, 2007 WL 2800378, *3-*4 (Ohio App. 10 Dist. Sept. 27, 2007). The action accrues from the time of the claimant's arrest. *Id*. Plaintiff was arrested on December 10, 2004. (Doc. 14, p. 2; Doc. 26, Aff., pp. 1-2, ¶¶ 5, 17. ) Plaintiff filed suit on July 12, 2006. (Doc. 3). Therefore, O.R.C. § 2305.11 bars Plaintiff's false arrest action.

The statute of limitation for civil assault and battery under Ohio law in the current context is one year from the time the cause of action accrues. O.R.C. § 2305.111

10

(B). "A cause of action for assault and battery," in the current context where the identity of the alleged perpetrator is known, "accrues upon the . . . date on which the alleged assault or battery occurred." *Id*. The events giving rise to Plaintiff's assault and battery claims also took place on December 10, 2004. (Doc. 14, p. 2.) Plaintiff brought suit on July 12, 2006. (Doc. 3.) Therefore O.R.C. § 2305.11 (B) bars Plaintiff assault and battery claims.

Accordingly, the Magistrate Judge RECOMMENDS that Defendants' motion for summary judgment be GRANTED. Plaintiff, *pro se*, and Defendants' counsel are also to take notice of S.D. Ohio Civ. R. 26.2.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b). The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.

1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                   s/Mark R. Abel  
                                                   United States Magistrate Judge